NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-50103 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01883-AJB-1 |
| v. | |
| ANN KATHERINE HUNTER, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted May 10, 2017[**]
Pasadena, California

Before:  CLIFTON and FRIEDLAND, Circuit Judges, and RICE,[***] Chief District Judge.

Ann Hunter walked out of a halfway house where she was serving the end of

a five-year federal prison term.  She was later found and charged with willful

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

escape from federal custody under 18 U.S.C. §§ 751(a) and 4082(a). She was convicted after a one-day jury trial and was sentenced to a twenty-one month custodial sentence. She appeals her conviction and sentence.

Hunter was released on March 28, 2017. The completion of her sentence moots her appeal of that sentence, but not the appeal of her conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *United States v. Gomez-Gonzalez*, 295 F.3d 990 (9th Cir. 2002) (order). We affirm the conviction and dismiss the appeal of her now-concluded sentence.

Hunter challenges her conviction on the basis of the Sixth Amendment; she argues that she was deprived of a fair trial because of the trial court's handling of a juror who had independent knowledge of the halfway house in question. After the jury had deliberated for about an hour, it informed the district court in a note that one of its members lived near the halfway house. The same juror had also been a bus driver on a nearby route ten years earlier and had met and spoken with residents of the halfway house, but not Hunter. Outside the presence of the other jurors, the juror assured the district court that he would consider the evidence fairly and would favor neither Hunter nor the Government. Then, with the whole jury present, the district court instructed the other jurors to consider only the evidence introduced at trial and any inferences they could draw from that evidence. The jurors assured the court that they could and would do so. The court denied

2

Hunter's motion for a mistrial. After about ten minutes of further deliberations, the jury returned a guilty verdict.

Hunter argues that the district court's procedure intruded impermissibly into the jury's deliberations.[1] We review for an abuse of discretion. *See, e.g.*, *United States v. Martinez-Martinez*, 369 F.3d 1076, 1082 (9th Cir. 2004); *United States v. Romero-Avila*, 210 F.3d 1017, 1024 (9th Cir. 2000). Because the jury's note suggested the possibility of juror bias and the introduction of extrinsic evidence, the district court was correct to investigate. *See, e.g.*, *Dyer v. Calderon*, 151 F.3d 970, 974 (9th Cir. 1998) (en banc) ("A court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances."). The approach the court took in that investigation was also appropriate. *See United States v. Mills*, 280 F.3d 915, 921-22 (9th Cir. 2002) (affirming a similar procedure in response to a similar note).

Hunter also argues that the district court's questions and instructions coerced a verdict by discouraging the juror who had been a bus driver from discussing the evidence. "Whether a judge has improperly coerced a jury's verdict is a mixed question of law and fact" and is reviewed de novo. *United States v. Berger*, 473 F.3d 1080, 1089 (9th Cir. 2007). "We consider whether the court's actions and

---

[1] She does not argue on appeal, however, that she was denied a fair trial on account of juror bias or the introduction of extrinsic evidence.

3

statements were coercive in the totality of the circumstances." *Jiminez v. Myers*, 40 F.3d 976, 980 (9th Cir. 1993) (per curiam).  In specific, we consider "(1) the form of the instruction, (2) the time the jury deliberated after receiving [the instruction] in relation to the total time of deliberation and (3) any other indicia of coerciveness." *Berger*, 473 F.3d at 1090 (9th Cir. 2007) (quoting *United States v. Steele*, 298 F.3d 906, 911 (9th Cir. 2002)).  The district court's questions and instructions were not coercive here.  No evidence in the record suggested an impasse or even a division within the jury,[2] and the district court's questions and instructions advised deliberation in due course, not consensus.  Although the jury reached a verdict within about ten minutes of the challenged instructions and

---

[2] The same juror who had been a bus driver near the halfway house later sent a letter to the district court in support of Hunter at sentencing.  He said that he had initially been a hold-out but felt compelled to vote "guilty" after hearing the district court's questions and instructions.  Hunter does not and cannot rely on this letter to challenge her conviction.  *See* Fed. R. Evid. 606(b) ("During an inquiry into the validity of a verdict . . . , a juror may not testify about . . . the effect of anything on that juror's or another juror's vote . . . . The court may not receive a juror's affidavit or evidence of a juror's statement on these matters."); *United States v. Montes*, 628 F.3d 1183, 1188 (9th Cir. 2011) ("Upon an inquiry into the validity of a verdict, a trial court and a court of appeals may consider only evidence admissible under Federal Rule of Evidence 606(b).").  Because Hunter relies on the letter only in support of her challenge to her sentence, which is moot, we deny the Government's motion to strike the letter from the appellate record as moot.

questions, this timeline does not show coercion if it is considered "in relation to the total time of deliberation," *id.*, which here was a little longer than one hour.

**AFFIRMED in part and DISMISSED in part.**